IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Vania Mack, | Civil Action No. 2:16-1323-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Detyens Shipyards, Inc., *and* Hightrak, *d/b/a* Hitrak Staffing, Inc., | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Defendants' motion for summary judgment be granted in part and denied in part. For the reasons set forth below, the Court adopts the Report and Recommendation.

**I.    Background**

Plaintiff alleges that in March 2015, she began working at Detyens Shipyards through Hitrak Staffing, an employment agency. On June 14, 2015, Plaintiff bent over while was working in the cargo hold of a ship. Plaintiff testified that another employee, Herman Johnson, then "grabbed me from my vagina to my rear end." (Dkt. No. 30-1.) Plaintiff testified that she immediately reported what had happened to her supervisor, who reported it to management. Management met with Plaintiff that same day, and again on the following day. After she met with management, Plaintiff went back to the ship and saw Johnson "being escorted off the ship." (*Id.*) Plaintiff testified that it was her understanding that he was terminated "that very day" and that she had never seen him again since. (*Id.*) Two weeks later, Plaintiff was terminated. Plaintiff claims her termination was in retaliation for her harassment claim. Defendants claim Plaintiff was terminated for a confrontational response to being told to cease prohibited use of a cell phone in a break room at the work site.

On April 28, 2016, Plaintiff filed the present action, asserting claims for sexual harassment in violation of Title VII of the Civil Rights Act of 1964 and for negligent supervision under South Carolina law. Defendants moved for summary judgment on August 29, 2017, and on November 3, 2017, the Magistrate Judge recommending granting Defendants' motion in part and denying it in part. Defendants filed timely objections to the Report and Recommendation. Plaintiff filed no objections.

## II. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

B. **Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross,* 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.,* 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.,* 190 F.3d 285, 287 (4th Cir. 1999)).

III. **Discussion**

A. **Hostile Work Environment**

Plaintiff asserts a claim for "hostile work environment and sexual harassment." (Dkt. No. 1 ¶ 26.) To prove that claim, Plaintiff must show the offending conduct was unwelcome, based on a factor covered by Title VII, and sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive work environment. Plaintiff also must show a basis

for imposing liability on the employer. *Guessous v. Fairview Prop. Investments, LLC*, 828 F.3d 208, 221 (4th Cir. 2016). Where, as here, the harassing employee is the victim's coworker, the employer may be liable only if it was negligent in controlling the working conditions at the facility or failed to take prompt and effective remedial action once it was aware of the allegedly harassing behavior. *Vance v. Ball State University*, 133 S.Ct. 2434, 2439 (2013).

As the Magistrate Judge determined, Plaintiff presents no evidence suggesting Defendants were negligent in controlling the working conditions at the work site and Plaintiff admits Defendants took prompt and effective remedial action by terminating Johnson. The Court therefore adopts the Magistrate Judge's conclusion that Defendants are entitled to summary judgment on Plaintiff's hostile work environment claim.

**B. Retaliation**

Plaintiff also asserts a claim that she was unlawfully retaliated against by Defendants for reporting Johnson's misbehavior. To survive summary judgment, Plaintiff must have evidence showing that she engaged in activity protected under Title VII, that Defendants took an adverse employment action against her, and that a causal connection exists between the protected activity and the adverse action. *Lettieri v. Equest, Inc.*, 478 F.3d 640, 650 (4th Cir. 2007). Further, if Defendants can produce a legitimate, non-discriminatory reason for their action, Plaintiff must demonstrate Defendants' proffered reason is pretextual. *Ennis v. National Ass'n of Business and Educational Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995)

There is no dispute that Plaintiff engaged in a protective activity or that Defendant took an adverse employment action against her. Defendant denies that Plaintiff has evidence of a causal connection between the activity and the adverse action, but Defendants do not move for summary judgment on that basis. Plaintiff was terminated two weeks after reporting Johnson's conduct, which is near enough in time to be evidence of a causal connection. *See, e.g., Mickey v. Zeidler*

-4-

*Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008). Defendants, however, assert Plaintiff was legitimately terminated for her response to a directive to cease unauthorized cell phone use.

The Magistrate Judge determined that there is a genuine dispute over the reason for Plaintiff's termination. Although Defendants assert that Plaintiff was terminated because of a confrontational response to a supervisor who had instructed her to cease unauthorized cell phone use while she was in a break room, Plaintiff testified that never happened. (*See* Dkt. No. 30-1.) It appears undisputed that Plaintiff had no prior warnings or disciplinary history, and that employees are not normally terminated for a first offense of using a cell phone in the break room. The Court agrees with the Magistrate Judge that there is a genuine dispute of fact regarding the reason for Plaintiff's termination, which is a fact material to Plaintiff's retaliation claim.

Defendants object that, as a matter of law, a self-serving denial is insufficient to create a genuine dispute of material fact. Defendants' objection is without merit. It is true that a "self-serving opinion . . . cannot, absent objective corroboration, defeat summary judgment." *Williams v. Giant Food Inc.*, 370 F.3d 423, 433 (4th Cir. 2004). That, however, is entirely irrelevant here. The relevant allegation here is not Plaintiff's opinion that she was terminated in retaliation for reporting Johnson. Rather, it is her sworn testimony regarding facts of which she has direct, personal knowledge—her behavior in the break room on a certain day at a certain time. If other witnesses dispute her account of the event, that is an issue of credibility issue for a jury to decide.

The Court therefore adopts the Magistrate Judge's conclusion that Defendants are not entitled to summary judgment on Plaintiff's retaliation claim.

## C. After-Acquired Evidence

Defendants also argue that they are entitled to summary judgment because Plaintiff provided false and misleading information on her job application with Hitrak. Specifically, she failed to disclose various criminal convictions, which Defendants learned about only after this

action commenced. Defendants argue the after-acquired evidence doctrine therefore precludes liability. *See Lewis v. Fisher Serv. Co.*, 495 S.E.2d 440, 445 (S.C. 1998) (no liability where "the employee's wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge").

The Magistrate Judge, however, concludes that under Fourth Circuit case law, the after-acquired evidence doctrine is not a bar to liability but only limits potential damages. *Harmon v. C. B. Squared Services, Inc.*, 624 F. Supp. 2d 459, 469 (E.D. Va. 2009) (citing *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1238 (4th Cir. 1995)). Defendants have not objected to the Magistrate Judge's conclusion on this issue, with which the Court fully agrees.

**D.     Negligent Supervision**

Plaintiff alleges Defendants were negligent in failing to supervise and correct actions of their employees when they should have known of improper conduct. The Magistrate Judge, after an extensive analysis, concludes that claim is barred by the exclusive remedy provision of the South Carolina Workers Compensation Act. *See* S.C. Code § 42-1-540. Plaintiff has not objected to the Magistrate Judge's analysis and conclusion, which the Court adopts. Plaintiff has not alleged Johnson was Defendant's alter ego, which is required for the specific intent to injure exception to the exclusive remedy provision. Regardless, such an allegation would not be plausible, as it is undisputed that Johnson was a worker, not a corporate owner or officer. The Court therefore adopts the Magistrate Judge's recommendation that Defendants' motion for summary judgment be granted as to the negligent supervision claim.

**E.     Employer Liability**

Defendant Detyens Shipyards argues it should not be a defendant in this action because Hitrak Staffing was Plaintiff's employer. Plaintiff responds that Defendants qualify as joint employers for purposes of her claims. The joint employment doctrine "prevents those who

effectively employ a worker from evading liability by hiding behind another entity, such as a staffing agency." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 410 (4th Cir. 2015). *Butler* provides nine factors to consider when determining whether a person is jointly employed by two entities: 1) authority to hire and fire the individual; 2) day-to-day supervision of the individual; 3) whether the putative employer furnishes the equipment used and the place of work; 4) possession of and responsibility over the individual's employment records, including payroll, insurance, and taxes; 5) the length of time during which the individual has worked for the putative employee; 6) whether the putative employer provides the individual with formal or informal training; 7) whether the individual's duties are akin to a regular employee's duties; 8) whether the individual is assigned solely to the putative employer; and 9) whether the individual and putative employer intended to enter into an employment relationship.

Here, Detyens had day-to-day supervision of Plaintiff, it furnished the equipment used and the place of work, and Plaintiff was assigned solely to Detyens. Further, it is difficult to imagine that Detyens did not provide any formal or informal training or that Detyens did not have authority to discharge Plaintiff from her duties at Detyens. Given that most *Butler* factors support finding joint employment in this case, the Court agrees with the Magistrate Judge's conclusion that Detyens has not met its burden, as the movant, to show it is undisputed that the joint employment doctrine does not apply here. The Court therefore adopts the Magistrate Judge's recommendation to deny the motion for summary judgment as to the argument that Detyens' lacked a direct employment relationship with Plaintiff.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 33) as the Order of the Court and **GRANTS IN PART AND DENIES IN PART** Defendants' motion for summary judgment (Dkt. No. 27). The Court **GRANTS**

Defendants' motion for summary judgment as to Plaintiff's hostile work environment and negligent supervision claims. The Court **DENIES** Defendants' motion as to Plaintiff's retaliation claim and as to Defendants' arguments based on after-acquired evidence or Detyens's lack of a direct employment relationship with Plaintiff.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 29, 2017
Charleston, South Carolina